IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MONTEZ A. HINES                                                                         PLAINTIFF

vs.                              Civil No. 6:17-cv-06121

HOT SPRINGS SCHOOL DISTRICT #6                              DEFENDANT

# REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is the Motion to Dismiss filed herein by Defendant Hot Springs School District. ECF No. 9. Plaintiff has failed to file a response to this motion and the time to do so has passed. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Susan O. Hickey referred this motion to this Court for the purpose of making a report and recommendation. The Court, having reviewed the pleadings, recommends the Defendant's Motion To Dismiss (ECF No. 9) be **GRANTED.**

Plaintiff filed a discrimination claim against the Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1983, Arkansas Civil Rights Action and the Equal Protection Clause. ECF No. 1. Plaintiff's complaint was filed on November 21, 2017. *Id.* On that same date, a Summons was issued and returned to Plaintiff for service on Defendant. ECF No. 4.

Pursuant to Fed. R. Civ. P. Rule 4(m), Plaintiff had 90 days to effectuate service on the Defendant. Plaintiff failed to effectuate service on Defendant within 90 days. The Docket does not reflect proof of timely service or a motion to extend the time to complete service. On February 26, 2018, by Text Only Entry, Plaintiff was directed by the Clerk of Court to file within fifteen (15) days, proof of timely service, or a statement as to when such proof would be filed. Plaintiff failed to file either proof of timely service or a statement as to when such proof would be filed.

Well after 90 days of the filing of Plaintiff's Complaint, on March 13, 2018, Plaintiff filed proof of service on Defendant showing Defendant being served on March 5, 2018. ECF No. 5. On March 22, 2018, Defendant filed their Answer to Plaintiff's Complaint. ECF No. 8. On March 26, 2018, Defendant filed a Motion to Dismiss. ECF No. 9. With this Motion, Defendant argues Plaintiff failed to serve his Complaint within 90 days, and accordingly, his Complaint should be dismissed without prejudice. *Id*. Defendant further argues Plaintiff failed to show good cause as to why he did not serve Defendant within the time prescribed under the Rule. *Id*. As noted above, Plaintiff did not respond to Defendant's Motion To Dismiss.

Based upon the foregoing, this Court recommends that Defendant's Motion To Dismiss, (ECF No. 9) be **GRANTED,** and Plaintiff's case be dismissed without prejudice. Plaintiff failed to effectuate service on Defendant within 90 days and failed to file a motion to extend the time to complete service. At the direction of the Clerk of Court, Plaintiff failed to file proof of timely service, or a statement as to when such proof would be filed. And finally, Plaintiff failed to respond to Defendant's Motion to Dismiss.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 13th day of April 2018.**

                                             s/ Barry A. Bryant
                                             HON. BARRY A. BRYANT
                                             U. S. MAGISTRATE JUDGE